■ NEW YORK HIGHER EDUCATION ASSISTANCE CORPORATION, Appellant, v. JEAN DI MEO, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered June 10, 1968 in Albany County, which denied appellant's motion for summary judgment and granted summary judgment dismissing the complaint in favor of respondent. In 1964 respondent's daughter obtained a $2,800 loan from the Rochester Savings Bank, which loan was guaranteed by appellant under a program implemented by article 14 of the Education Law. Within a few weeks, the daughter died as the result of an automobile accident and respondent, as administratrix of the daughter's estate, instituted an action for wrongful death and for decedent's conscious pain and suffering. In a bill of particulars in that action, it was alleged that plaintiff had become obligated by reason of the death to pay a student loan of $2,820.10. The action was settled for $20,000, one dollar being allocated for the pain and suffering cause of action and $19,999 for the wrongful death cause, the settlement having been approved by the Monroe County Supreme Court and distribution of the proceeds having been ordered by the Monroe County Surrogate's Court. In each of said proceedings, appellant was represented by counsel and applications were made by it, seeking payment of the amount claimed in this action out of the settlement proceeds, but same were denied. Appellant then instituted this action for the recovery of $2,820.10 and, on this appeal, urges that defendant holds the settlement to the extent of plaintiff's interest as a constructive trust. Although it has been stated that a constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it (cf. *Lloyd* v. *Phillips,* 272 App. Div. 222, 229), there has been no showing of an unjust enrichment here. Although respondent, as administratrix, may have claimed that she had become obligated to pay the student loan of $2,820.10, the facts submitted show clearly that decedent's estate received but the nominal sum of one dollar from the conscious pain and suffering cause of action, it being conceded by appellant that it was reasonable that said cause be settled for said sum. As to the wrongful death cause, it also appears from the Surrogate's decree distributing the proceeds that decedent's father received the same amount as respondent, her mother, after the payment of certain expenses as directed. The claim based on the loan was not an element of damages in the wrongful death cause of action nor has there been any showing that the settlement amount was influenced by said claim. Appellant also concedes "that creditors generally have no right to any part of an award" for wrongful death. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke, and Simons, JJ., concur.

■ In the Matter of GEORGE B. SCHOLD, JR., et al., Petitioners. v. STATE TAX COMMISSION, Respondent.— Determination annulled, with costs, and matter remitted for further proceedings. (See *Matter of La Vigne* v. *State Tax Comm.,* 38 A D 2d 773.) Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.